IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARRETT RAYMOND SAINIAK, | Civil No. 3:24-cv-538 |
| Plaintiff | (Judge Mariani) |
| v. | |
| SECURITY LT. NEWBERRY, et al., | |
| Defendants | |

## MEMORANDUM

Plaintiff Garrett Raymond Sainiak ("Sainiak"), an inmate confined at all relevant times at the State Correctional Institution, Frackville, Pennsylvania ("SCI-Frackville"), initiated this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as Defendants are, *inter alia*, Unit Manager Wegrzynowicz, Superintendent Brittain, Superintendent's Assistant Lazusky, Correctional Officer Maul, and Security Captain Reese (collectively, the "moving Defendants"). Presently before the Court is the moving Defendants' Rule 12(b) motion to partially dismiss the complaint. (Doc. 14). The motion is ripe for disposition and, for the reasons that follow, the Court will grant the motion with leave to amend the claims against Defendants Maul and Reese.[1]

---

[1] Sainiak's brief in opposition to the moving Defendants' motion to dismiss contains facts that are not expressly set forth in the complaint. (*See* Doc. 17). The Court may not consider such allegations because a complaint cannot be amended by way of an opposition brief. *See Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

I. **Allegations of the Complaint**

On September 13, 2022, Sainiak was transferred to SCI-Frackville. (Doc. 1, p. 6). Upon arrival, six non-moving Defendants performed a body cavity search and sent Sainiak through a body scanner. (*Id.*). Security Lieutenant Newberry allegedly informed Sainiak that he was being placed in a dry cell because he is a known drug dealer and had drugs on his person. (*Id.*). Several John Doe Correctional Officers then placed Sainiak in a dry cell/psychiatric observation cell. (*Id.*). Sainiak was given a paper smock to wear. (*Id.* at pp. 7-9). He was placed under surveillance and his bodily waste was examined in an effort to determine if he passed any contraband/drugs. (*Id.*). Sainiak alleges that contraband was never discovered. (*Id.* at p. 8). Sainiak maintains that while in the dry cell he was subjected to unconstitutional conditions of confinement because he was not allowed to clean himself or the cell, he lost feeling in his hands, was exposed to pepper spray, and was subjected to constant illumination. (*Id.* at pp. 8-9). He states that he remained in the dry cell until September 16, 2022, when he was transferred to the Restricted Housing Unit. (*Id.* at pp. 6, 9).

The complaint asserts that Defendants violated his rights under the First, Fourth, Eighth, and Fourteenth Amendments, and raises a claim of Intentional Infliction of Emotional Distress. (*Id.* at pp. 6, 12).

## II. Legal Standard

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not

3

> entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

### III. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or

4

> causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

The moving Defendants seek to dismiss the claims against Unit Manager Wegrzynowicz, Superintendent Brittain, Superintendent's Assistant Lazusky, Correctional Officer Maul, and Security Captain Reese based on a lack of personal involvement. Importantly, individual liability will be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)). Liability "cannot be predicated solely on the operation of *respondeat superior*." *Id.* In other words, defendants in Section 1983 civil rights actions "must have personal involvement in the alleged wrongs . . . shown through allegations of personal direction or of actual knowledge and acquiescence." *Atkinson v. Taylor*, 316 F.3d 257, 271 (3d Cir. 2003); *Rode*, 845 F.2d at 1207-08. Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of conduct, time, place, and

5

person responsible. *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08. When a plaintiff merely hypothesizes that an individual defendant may have had knowledge of or personal involvement in the deprivation of his or her rights, individual liability will not follow. *Atkinson*, 316 F.3d at 271; *Rode*, 845 F.2d at 1207-08.

Sainiak's complaint is devoid of any allegations that Defendants Maul and Reese were personally involved in the alleged constitutional violations. In fact, Defendants Maul and Reese are not mentioned in the body of the complaint. In order to state a Section 1983 claim, Sainiak was required to specify each Defendant's personal involvement in the alleged constitutional misconduct. Sainiak failed to do to. The moving Defendants' motion to dismiss the claims against Maul and Reese will be granted, but the Court will grant Sainiak leave to amend to adequately state a cognizable claim for relief against these two individuals.

Next, Sainiak's allegations that Defendants Wegrzynowicz, Brittain, and Lazusky failed to grant him relief via the grievance procedure does not satisfy the personal involvement requirement. Neither the "after-the-fact" review of a grievance, nor an inmate's dissatisfaction with the grievance response, establish the involvement of officials and administrators in any underlying constitutional deprivation. *See Rode*, 845 F.2d at 1207 (finding where a defendant, after being informed of the violation through the filing of grievances, reports or appeals, failed to take action to remedy the alleged wrong is not enough to show that the defendant has the necessary personal involvement); *Pressley v.*

*Beard*, 266 F. App'x 216, 218 (3d Cir. 2008) (not precedential) ("The District Court properly dismissed these defendants and any additional defendants who were sued based on their failure to take corrective action when grievances or investigations were referred to them."); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (not precedential) (holding that allegations that prison officials responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying constitutional deprivation). Thus, the alleged failure of Defendants Wegrzynowicz, Brittain, and Lazusky to provide Sainiak with the relief he requested in the context of the grievance procedure does not rise to the level of a constitutional claim. *See Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (finding involvement in post-incident grievance process not a basis for liability).

Moreover, to the extent that Sainiak attempts to hold Unit Manager Wegrzynowicz, Superintendent Brittain, and Superintendent's Assistant Lazusky liable based on their supervisory roles, this claim also fails. It is well-established that officials may not be held liable for unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *See Rode*, 845 F.2d at 1207. Insofar as Sainiak's claims against Defendants Wegrzynowicz, Brittain, and Lazusky rely on a *respondeat superior* theory of liability, they are entitled to dismissal on this ground. As such, the claims against Defendants Wegrzynowicz, Brittain, and Lazusky will be dismissed with prejudice based on lack of personal involvement.

## IV. Leave to Amend

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The claims against Defendants Wegrzynowicz, Brittain, and Lazusky are factually and legally flawed; thus, the Court concludes that granting Sainiak leave to amend these claims would be both inequitable and futile. However, the Court finds that permitting amendment with respect to Defendants Maul and Reese is appropriate as the pleading deficiencies against them are factual in nature and thus conceivably could be cured by an amended pleading.

## V. Conclusion

Consistent with the foregoing, the Court will grant the moving Defendants' motion (Doc. 14) to partially dismiss the complaint. Specifically, the motion will be granted with

prejudice and without leave to amend as to the claims against Defendants Wegrzynowicz, Brittain, and Lazusky. The motion will be granted without prejudice and with leave to amend as to the claims against Defendants Maul and Reese.

A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: October ___, 2024